RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 9/18/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TROY A. NARCISSE (#244213) | DOCKET NO. 12-CV-2875; SEC. P |
| VERSUS | JUDGE DRELL |
| MEDICAL DEPARTMENT, AVOYELLES CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Troy A. Narcisse (#244213) filed the instant civil rights (42 U.S.C. §1983) complaint on November 8, 2012. He was granted leave to proceed in forma pauperis on December 10, 2012. Plaintiff is incarcerated at the Avoyelles Correctional Center (AVC) in Cottonport, Louisiana. He complains that he was administered the wrong medication by Defendant Kerri Lemoine. He also names as defendants James Longino, "Medical Department" at AVC and the Medical Director at AVC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Although Plaintiff files this suit as a civil rights action, he actually complains that the defendants have been negligent, not deliberately indifferent. He alleges that on an unspecified date and time, security staff officer Kerri Lemoine passed out medication, and gave plaintiff either the wrong medication or the wrong dosage of his medication. [Doc. #1, p.5] Plaintiff claims

that this resulted in a "very serious allergic reaction" that required four days of hospitalization. [Doc. #1, p.6]

### *Law and Analysis*

Federal Rule of Civil Procedure Rule (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order...." The district court also has the inherent authority to dismiss an action sua sponte, without motion by a defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

On February 22, 2013, Plaintiff was ordered to amend his complaint to provide factual allegations in support of his conclusion that his constitutional rights were violated by the defendant. [Doc. #9] Plaintiff filed a motion for extension of time within which to comply with the Court's order. [Doc. #10] On March 13, 2013, an extension was granted in accordance with Plaintiff's request. The time within which Plaintiff was to amend his complaint was extended to April 19, 2013. [Doc. #11] Almost three additional months have passed since that compliance deadline, and Plaintiff has still failed to submit an amended complaint.

### *Conclusion*

**THEREFORE, IT IS RECOMMENDED** that Plaintiff's complaint be

2

**DISMISSED WITHOUT PREJUDICE** in accordance with FRCP 41(b) for his failure to comply with the Court's order.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 18th day of September, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE